IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| REGINALD LYNN HARRIS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-236-O |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Reginald Lynn Harris, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as a successive petition under 28 U.S.C. § 2244(b)(2).

I. BACKGROUND

Petitioner is serving a 99-year sentence in TDCJ on his 2001 conviction for engaging in organized criminal activity, aggravated assault with a deadly weapon, in the Criminal District Court Number One of Tarrant County, Texas, Case No. 0770646D. Pet. 2, ECF No. 1. By way of this federal petition, Petitioner asserts that his rights under the Eighth and Fourteenth Amendments are being violated by "[Texas]'s juvenile parole scheme." *Id.* at 6. He contends that he was 17 years old when he committed the offense and, although he has demonstrated maturity and rehabilitation by the standards of the Texas Board of Pardons and Paroles (the Board), the Board refuses to review him for release on parole until he has served 30 years on his sentence. Pet'r's Mem. 1, ECF No. 2. As

legal authority, Petitioner relies primarily upon the United States Supreme Court cases in *Miller v. Alabama,* 567 U.S. 460 (2012), and *Graham v. Florida,* 560 U.S. 48 (2010), holding that the Eighth Amendment's cruel and unusual punishments clause prohibits a mandatory sentence of life without parole for juvenile offenders. *Miller/Graham* require that a state must give juvenile offenders "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Graham,* 560 U.S. at 75. Petitioner filed a prior federal habeas petition in this Court in 2007 challenging his 2001 conviction, which was dismissed as untimely under the federal statute of limitations. Order & Final J., Harris v. Quarterman, No. 4:07-CV-464-A, ECF Nos. 15, 16. In December 2016 he filed a second state habeas application raising the claim presented, which was dismissed as a subsequent application under Texas Code of Criminal Procedure article 11.07, §4(a)-(c). SHR02[1] 13-14 & Action Taken, ECF Nos. 14-25, 14-26.

## II. RULE 5 STATEMENT

Respondent asserts that the petition is an unauthorized successive petition and should be dismissed. Resp't's Preliminary Answer 1, 4-8, ECF No. 13.

## III. DISCUSSION

Title 28 U.S.C. § 2244(b) requires dismissal of a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless the petition is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the United States Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See*

---

[1] "SHR02" refers to the court record of Petitioner's state habeas proceeding in WR-64,921-02.

28 U.S.C. § 2244(b)(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3).

Although Petitioner correctly argues that a habeas petition is not second or successive simply because it follows an earlier federal petition, he knew or should have known with any diligence at or near the time of his conviction that his parole eligibility was heightened because his judgment of conviction contains an affirmative deadly-weapon finding and that he would have to serve 30 years of his sentence, without credit for good time, before being eligible for parole under the state's statutory scheme in effect at the time. Consequently, his current claim could have been raised in his earlier petition. *See McGary v. Scott,* 27 F.3d 181, 185 (5th Cir. 1994); *McPherson v. Davis,* No. 4:17-CV-418-A, 2018 WL 4401718, at *2 (N.D.Tex. Sept. 14, 2018).

Citing *In re Cain,* 137 F.3d 234 (5th Cir. 1998), Petitioner also argues that the petition is not second or successive because the Board's refusal to consider him for parole is akin to "post-conviction and post-sentence administrative action" taken against him, such as a prison disciplinary proceeding, and not a challenge to his conviction or sentence. Pet'r's Resp. 1-2, ECF No. 17. However, Petitioner provides no evidence of an administrative action altering his parole eligibility. In other words, his parole eligibility remains unaltered from his conviction and sentence originally imposed upon him. And, the limitation on the filing of a second or successive petition in federal court applies whether the petitioner raises claims to invalidate his underlying conviction or, as in this case, claims related to his eligibility for parole. *See* Crone v. Cockrell, 324 F.3d 833, 836-37 (5th Cir. 2003); *Kossie v. Davis,* No. H-16-3672, 2017 WL 129023, at *2 (S.D.Tex. Jan. 12, 2017); *Page v. Dretke,* No. 3:05-CV-1617P, 2006 WL 740090, at *2-3 (N.D. Tex. Feb. 10, 2006).

Finally, although the *Miller/Graham* line of cases is retroactive to cases on collateral review,

3

*see Montgomery v. Louisiana,* 136 S. Ct. 718, 734-36 (2016), the authorities cited by Petitioner are inapplicable to his case as he did not receive a sentence of life without the possibility of parole and there is no basis in the record to support a conclusion that Petitioner's sentence is tantamount to life without the possibility of parole. Indeed, Petitioner has never been subjected to a sentence of life without the possibility of parole, notwithstanding his assertion that his 99-year sentence "constitutes a life sentence under Texas law" where parole is discretionary. Since *Miller/Graham* do not apply, Petitioner cannot show that his successive federal petition is based on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, as required by 28 U.S.C. § 2244(b)(2)(A). *See Hood v. Davis,* No. 3:15-CV-1821-BK, 2016 WL 7188299, at *3 (N.D. Tex. Dec. 12, 2016). Thus, the petition is successive and should be dismissed. *See* 28 U.S.C. § 2244(b)(4) (authorizing district court to dismiss unless the petitioner "shows that the claim satisfies the requirements of this section."); *Reyes-Requena v. United States*, 243 F.3d 893, 899-900 (5th Cir. 2001) (affirming district court's authority to dismiss under section 2244(b)(4)).

## IV. CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED without prejudice as an unauthorized successive petition subject to Petitioner obtaining authorization from the United States Court of Appeals for the Fifth Circuit to bring the petition in district court. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is DENIED.

**SO ORDERED** on this 19th day of October, 2018.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**